UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL OPTICAL, an unknown business entity; DMITRIY BANGIYEV, an individual; and DOES 1-10, inclusive,<br><br>Defendant. | Civil Action No. |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Plaintiff Luxottica Group S.p.A** and ("Luxottica" or "Plaintiff"), through its undersigned counsel, for its complaint against **Defendants National Optical** and **Dmitriy Bangiyev** (hereinafter collectively, "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the common law of the state of New York.

2. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under common law pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants because Defendants are incorporated, domiciled, and/or conduct business in the state of New York.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are incorporated, domiciled, and/or conduct business in this judicial district, and/or a substantial part of the events giving rise to the claims in this action occurred within this district.

## PARTIES

5. Plaintiff Luxottica Group S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business at Piazzale Luigi Cadorna 3, Milan, 20123 Italy, and with offices located at 12 Harbor Park Drive, Port Washington, New York 11050 and 4000 Luxottica Place, Mason, Ohio 45040-8114. Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, premium and luxury eyewear products under federally registered trademarks, including but not limited to the Ray-Ban® family of trademarks.

6. Upon information and belief, Defendant National Optical is an unknown business entity with a principal place of business at 2201 59th Street, Brooklyn, New York 11204.

7. Upon information and belief, Defendant Dmitriy Bangiyev is an individual residing in this district and is an owner, officer, director, and/or managing agent of National Optical.

8. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes and based thereon alleges that Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL COUNTS

### A. Luxottica's World Famous RAY-BAN® Brand and its Products

10. Luxottica is engaged in the manufacture, marketing and sale of premium and luxury eyewear throughout the world. Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

11. Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

12. Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout the United States, including Texas, and reaches customers nationally and internationally online at www.ray-ban.com.

13. Luxottica is the owner of various trademarks under the Ray-Ban® brand, including but not limited to the following United States Trademark Registrations (collectively "Ray-Ban Marks"):

/ / /

/ / /

/ / /

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* (stylized) | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18.<br><br>cloths for cleaning ophthalmic products, in class 21.<br><br>clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18.<br><br>clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |
| Ray-Ban (circular logo) | 1,320,460 | sunglasses and carrying cases there for, in class 9. |

| | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |
|---|---|---|

14. Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks. As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from Luxottica. The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

15. Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks. These registrations are valid and the majority are incontestable.

16. The Ray-Ban Marks have never been abandoned and are a symbol of Luxottica's quality, reputation, and goodwill.

17. Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

**B.    Defendants' Infringing Activities**

18. The present action arises from Defendants' wrongful importation, distribution, advertisement, marketing, offering for sale, and/or sale of eyewear bearing counterfeit reproductions of the Ray-Ban Marks (hereinafter "Counterfeit Products").

19. Products bearing the Ray-Ban Marks were obtained from "National Optical," located at 2201 59th Street, Brooklyn, New York 1120, and have been examined and confirmed counterfeit by Plaintiff's representatives.

20. Upon information and belief, Defendants have also advertised, marketed, offered for sale, and/or sold Counterfeit Products via an account on the website, www.eBay.com, bearing the seller ID "usadealer1".

21. Upon information and belief, Plaintiff hereon avers that Defendant Dmitriy Bangiyev is the owner, director, and/or managing agent of National Optical and is the active, moving, conscious, force behind the alleged infringing activities.

22. Defendants' use of the Ray-Ban Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of its Counterfeit Products, is without Plaintiff's consent or authorization.

23. Defendants have never been authorized by Plaintiff to manufacture, sell or offer for sale products bearing any of the Ray-Ban Marks. Moreover, Defendants have never been a licensee of Plaintiff and have never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the Ray-Ban Marks.

24. Defendants, upon information and belief, is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale Counterfeit Products with the knowledge and intent that such goods will be mistaken for the genuine high quality Ray-Ban® products, despite Defendants' knowledge that they are without authority to use the Ray–Ban Marks. The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Products are genuine goods originating from, associated with, and approved by Plaintiff.

25. Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of Plaintiff's ownership of the Ray-Ban Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

26. Upon information and belief, Defendants have engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading off the goodwill and reputation of Plaintiff. If Defendants' willfully infringing activities are not

preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be damaged.

## COUNT I

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

27. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

28. The Ray-Ban Marks are nationally and internationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Plaintiff.

29. The registrations embodying the Ray-Ban Marks are in full force and effect and a majority of them are incontestable.

30. Defendants' infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendants' goods or services and falsely mislead consumers into believing that Defendants' products originate from Plaintiff; are affiliated or connected with Plaintiff; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiff; or that Plaintiff controls the quality of Defendants' products.

31. Defendants' infringing use of the Ray-Ban Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

32. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

33. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure

Plaintiff and reap the benefit of Plaintiff's goodwill associated with the Ray-Ban Marks.

34. As a direct and proximate result of Defendants' infringing activities, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff's trademarks.

35. Plaintiff has no adequate remedy at law.

36. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## COUNT II

**(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))**

37. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

38. Defendants' infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Plaintiff's goods and services or Defendants' goods and services and falsely mislead consumers into believing that Defendants' products originate from Plaintiff; are affiliated or connected with Plaintiff; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiff; or that Plaintiff controls the quality of Defendants' products.

39. Defendants' use of the Ray-Ban Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights.

40. Plaintiff has been irreparably damaged by Defendants' unfair competition

and misuse of the Ray-Ban Marks.

41. Plaintiff has no adequate remedy at law.

42. Defendants' egregious conduct in selling infringing merchandise is willful and intentional.

43. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT III

### (Unfair Competition under New York Common Law)

44. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

45. Defendants' infringement of the Ray-Ban Marks constitutes unfair competition in violation of the common law of the state of New York.

46. Defendants are competitors of Luxottica and have utilized the Ray-Ban Marks in connection with the promotion, advertisement, and marketing of their products in an effort to exploit Plaintiff's reputation in the market.

47. Defendants' infringing acts were intended to capitalize on Plaintiff's goodwill associated therewith for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for its Ray-Ban® brand. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiff.

48. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

49. Plaintiff has no adequate remedy at law to compensate it fully for the

damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

50. The conduct herein complained of was extreme, outrageous, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was in bad faith and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar conduct in the future.

51. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from infringing the Ray-Ban Marks and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Luxottica Group, S.p.A respectfully requests that this Court enter judgment against Defendants National Optical and Dmitriy Bangiyev on all claims as follows:

1. Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants have committed unfair competition under New York common law;

2. For entry of an ORDER granting permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a) using the Ray-Ban Marks in connection with the manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or selling of Defendants' products, including but not limited to the display of said trademarks at Defendants' stores and/or website to promote, advertise, and/or offer for sale products that are not authorized, approved, and/or originate from Luxottica;

(b) engaging in any other activity constituting unfair competition with Luxottica, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica;

(c) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Luxottica;

3. For entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from its infringing acts;

4. For entry of an ORDER directing Defendants to file with this Court and serve on Luxottica within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. For an assessment of the damages suffered by Luxottica, trebled, and an award of all profits that Defendants have derived from using the Ray-Ban Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Luxottica be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

6. For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

7. For an award of punitive damages in connection with its claims under New York law;

/ / /

/ / /

/ / /

8. Such other relief as may be just and proper.

Dated: May 1, 2018
Los Angeles, California

Respectfully Submitted,

_____
Brent H. Blakely (BB1966)
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
*Attorneys for Plaintiff*
*Luxottica Group S.p.A.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Luxottica Group S.p.A. requests a trial by jury in this matter.

Dated: May 1, 2018
Los Angeles, California

Respectfully Submitted,

_____
Brent H. Blakely (BB1966)
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
*Attorneys for Plaintiff*
*Luxottica Group S.p.A.*